JOHNSON, J.,
dissents with reasons.
hi, respectfully, dissent from the majority opinion in this matter. Although the *798 opinion recites the general law regarding informed consent, it fails to acknowledge the more specific standard of reviewing informed consent cases and the applicable facts of this matter.
According to Suarez v. Mando, 10-853 (La.App. 5 Cir. 3/29/10); 62 So.3d 131, 135, writ denied, 11-0885 (La.6/17/11); 63 So.3d 1036, the plaintiff in an informed consent case bears the burden of proving: 1) the existence of a material risk which the physician must disclose; 2) the failure of the physician to inform the patient of a material risk; 3) the realization of the material risk; and 4) a causal connection between the failure to inform the patient of the risk and the realization of the risk. A risk is material “when a reasonable person in what the doctor knows or should know to be the patient’s position, would be likely to attach significance to the risk or cluster of risk in deciding whether or not to forego the proposed therapy.” Id.
Determining the materiality of a risk is a two-step process. First, the existence and nature of the risk and the likelihood of its occurrence must be defined. This requires some expert testimony because only a physician or other qualified expert is capable of judging what risk exists and the likelihood of occurrence. Second, the trier of fact must decide whether the probability of that type of harm is a risk which a reasonable patient would consider in deciding on Istreatment. The second step in determining materiality does not require expert testimony. Id.
According to Dr. Frank L. Barnes’s report, Mrs. Griffitt always thought her left leg was longer than her right. Mrs. Grif-fitt had a medial opening wedge osteotomy and ACL graft performed on her left knee. Dr. Barnes opined the medial opening wedge osteotomy was the opposite of which Mrs. Griffitt consented because that procedure makes the leg longer. Dr. Barnes also reported, “[t]he operation was improper because it increased her leg length inequality instead of decreasing it, this also violated the standard of care.”
In my opinion, the information provided by Dr. Barnes is sufficient to defeat the presumption that the consent form is valid. Plaintiffs in this matter have met the burden of proving that there is still an issue of genuine material fact as to whether the risks of a medial opening wedge osteotomy is material through Dr. Barnes’ report and deposition. There is still an issue of genuine material fact as to whether Mrs. Grif-fitt should have attached significance to the risks of the medial opening wedge osteotomy, which lengthens the leg instead of shortening it. For summary judgment purposes, because the experts are disagreeing in this matter, it is clear that reasonable persons can disagree on the issue of informed consent.
For the foregoing reasons, I would reverse the partial summary judgment and remand to the matter to the trial court for further proceedings.